## WILLIAM B. DODDS ET AL.
## v.
## JOHN WALKER ET AL.

SUIT AGAINST HEIRS—JURISDICTION OF JUSTICES.—Under the statute of this State if no person administers on the estate of a deceased person within one year after his death, a separate suit may be maintained against the heirs or devisees of such deceased, on all his contracts and undertakings, and a justice of the peace has jurisdiction of such suit.

APPEAL from the County Court of Coles county; the Hon. J. R. CUNNINGHAM, Judge, presiding.    Opinion filed June 21, 1881.

Messrs. DUNN & CONNOLLY, and Mr. ISAAC N. VANDYKE, for appellants; that a separate action could be maintained against the heirs, cited section 15, Statute of Frauds and Perjuries; Hoffman v. Wilding, 85 Ill. 453; Ryan v. Jones, 15 Ill. 1; VanMeter's Heirs v. Love's Heirs, 33 Ill. 260; Bonnell v. Holt, 89 Ill. 76; Cutwright v. Standford, 81 Ill. 240.

An action of debt would lie, and the justice of the peace had jurisdiction: 1 Chitty on Pleading, 108; Ewbanks v. Town of Ashly, 36 Ill. 177; Town of Jacksonville v. Block, 36 Ill. 507; Bigelow v. Cambridge Turnpike, 7 Mass. 202; Jeffrey v. Blue Hill Turnpike, 10 Mass. 368; Rice v. Barre Turnpike, 4 Pick. 130; Simonson v. Spencer, 15 Wend. 548; Falconer v. Campbell, 2 McLean, 195; McCarthy v. Lavache, 89 Ill. 270; Hull v. Burtis, 90 Ill. 213; Fuller v. Ladden, 87 Ill. 310; Culver v. Third National Bank of Chicago, 64 Ill. 520; Corwith v. Cul-

ver, 69 Ill. 502; Tibballs v. Libby, 87 Ill. 142; Ryan v. Galla-
tin Co. 14 Ill. 78; Glancy v. Elliott, 14 Ill. 456; Dunlap v.
Gallatin Co. 15 Ill. 7; Town of Geneva v. Cole, 61 Ill. 397; St.
L., A. & T. H. R. R. Co. v. Miller, adm'r, 43 Ill. 199; Wheeler
v. City of Chicago, 24 Ill. 107; Sangamon Co. v. Springfield,
63 Ill. 66; Pawlet v. Sandgate, 19 Vt. 621.

Mr. J. P. HARRAH and Mr. J. W. CRAIG, for appellees, cited
Sec. 12, p. 656, R. S. 1859, Breese, 144.

DAVIS, J. This was an action commenced by appellants
against appellees, before a justice of the peace, and taken by ap-
peal to the county court, and from that court to this court.

In the county court, a motion was made by appellees and
sustained by the court, to dismiss the suit for want of jurisdic-
tion of the justice of the peace.

The suit was brought under section 15 of the Statute of
Frauds and Perjuries, chapter 59, page 542 Revised Statutes
of 1874, which provides, " if no person shall administer on the
goods and chattels of a deceased person, for the space of one
year after his death, a separate suit or action may be maintain-
ed against the heirs or devisees on all the contracts and under-
takings of such deceased person."

The facts as shown by the record are, that the defendants are
the heirs of William Walker, deceased. That plaintiffs sold
and delivered to the deceased in his lifetime, and at his request,
goods at the price of seventeen dollars, and that he died more than
a year before the commencement of this suit, without having
paid for the goods so purchased by him. That he left a consid-
erable amount of property, both real and personal, and more
than enough to pay the sum claimed, which descended to, and
was received by, and taken into the possession of the defend-
ants, and the personal property sold, and the proceeds received
by them. No person administered on the goods and chattels
of the deceased for the space of more than one year after his
death, or has yet administered thereon.

The only question presented by the parties for our determi-
nation is, whether in such a case, a justice of the peace has jur-

isdiction. This, we think, is settled affirmatively by Sec. 13, of chapter 79 of Revised Statutes of 1874, page 639, sixth clause, which provides that justices of the peace, shall have jurisdiction in their respective counties, "in all cases where the action of debt or assumpsit will lie, if the damages claimed do not exceed $200."

It is clear that debt or assumpsit would lie in an action brought before a justice of the peace, for the recovery of the price of the goods sold, if brought against the deceased in his lifetime, and we see no reason why the suit or action which the law declares, as we have seen, may be maintained against the heirs or devisees, on all the contracts and undertakings of the deceased person, in case no person shall administer on his goods and chattels, for the space of one year after his death, cannot be brought before a justice of the peace, when that court has jurisdiction of actions of assumpsit and debt. We are not called upon to say what kind of case must be proved to sustain such an action against heirs or devisees. It is sufficient for us to determine that on the facts as presented by the record, the justice of the peace had jurisdiction.

The court below having erred in sustaining the motion to dismiss the suit, the judgment must be reversed and the cause remanded.

Judgment reversed.